UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY LOCKHART, | No. 2:25-cv-2462 CSK P |
| Plaintiff, | ORDER |
| v. | |
| UNKNOWN FEDERAL OFFICERS, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff filed this action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971) and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

**I. SCREENING STANDARDS**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

2

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

**II.  PLAINTIFF'S COMPLAINT**

Named as defendants are unknown federal officers employed by the United States Marshal.  (ECF No. 1 at 2.)  As legal claims, plaintiff alleges cruel and unusual punishment in violation of the Eighth Amendment.  (Id. at 3.)  Plaintiff alleges that the "feds came in on ATM robberies and found no evidence, was actually innocent.  Since then they have been harassing through surveillance me and the harassment is 24/7 and can be heard everywhere I go."  (Id.)  As injuries, plaintiff claims that he suffered emotional distress, mental pain and suffering.  (Id.)  Plaintiff also appears to claim that defendants "mess" with his phone calls, shut the phone off while plaintiff is talking and park where plaintiff is and honk the horn, even at night.  (Id.)  Plaintiff alleges that defendants harass people around plaintiff.  (Id.)  As relief, plaintiff seeks money damages and for the harassment to stop.  (Id. at 6.)

**III.  DISCUSSION**

At the outset, this Court observes that under the doctrine of sovereign immunity, a Bivens action cannot be brought against federal agents sued in their official capacities.  See F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994); Ibrahim v. Dept. of Homeland Sec., 538 F.3d 1250, 1257 (9th Cir. 2008).  Therefore, to the extent plaintiff sues the unknown federal officers in their official capacities, such claims are barred by the doctrine of sovereign immunity.

Not all constitutional cases against federal officers for damages may proceed as Bivens claims.  There is a two-part test to determine whether a Bivens action may proceed.  See Ziglar v. Abbasi, 582 U.S. 120, 138-39 (2017).  To determine whether a Bivens claim is cognizable, a court first "ask[s] whether the case presents 'a new Bivens context'—i.e., is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action."  Egbert v. Boule, 596 U.S. 482, 492 (2022) (quoting Ziglar, 582 U.S. at 139).  That is, the Court must determine

whether the claim presents a new context from the three cases the Supreme Court has allowed to proceed under Bivens: Bivens, 403 U.S. 388 (1971); Davis v. Passman, 442 U.S. 228 (1979); and Carlson v. Green, 446 U.S. 14 (1980). As to the three cases that the Supreme Court has allowed to proceed under Bivens, the Supreme Court has summarized those three cases as follows:

> In Bivens v. Six Unknown Fed. Narcotics Agents, the Court broke new ground by holding that a person claiming to be the victim of an unlawful arrest and search could bring a Fourth Amendment claim for damages against the responsible agents even though no federal statute authorized such a claim. The Court subsequently extended Bivens to cover two additional constitutional claims in Davis v. Passman, a former congressional staffer's Fifth Amendment claim of dismissal based on sex, and in Carlson v. Green, a federal prisoner's Eighth Amendment claim for failure to provide adequate medical treatment.

Hernandez v. Mesa, 589 U.S. 93, 99 (2020).

If a claim does not present a new context from the three cases set forth above, the claim may proceed under Bivens. If the claim presents a context different from the three Supreme Court cases set forth above, the court must apply a "special factors" analysis to determine whether "special factors counsel hesitation" in expanding Bivens to the new claim. See Abbasi, 582 U.S. at 136. The Ninth Circuit has summarized those special factors as follows:

> the rank of the officer involved; whether Bivens is being used as a vehicle to alter an entity's policy; the burden on the government if such claims are recognized; whether litigation would reveal sensitive information; whether Congress has indicated that it does not wish to provide a remedy; whether there are alternate avenues of relief available; and whether there is adequate deterrence absent a damages remedy, among other factors. But the most important question for us to examine is whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed. If there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy the courts must refrain from creating the remedy in order to respect the role of Congress in determining the nature and extent of federal-court jurisdiction under Article III.

Lanuza v. Love, 899 F.3d 1019, 1028 (9th Cir. 2018) (alterations, citations, and internal quotation marks omitted).

Turning to plaintiff's claim against defendants in their individual capacities, plaintiff alleges that he is being harassed by the defendants after plaintiff was found not to have committed

the ATM robberies. Plaintiff's harassment claim appears to present a context different from the three Supreme Court cases where Bivens claims have been recognized. In McManus v. LNU, 2024 WL 629986 (E.D. La. Jan. 18, 2024), findings and recommendations adopted, 2024 WL 623928 (E.D. La. Feb. 14, 2024), the plaintiff alleged that two U.S. Marshal deputies violated his Fourth and Fourteenth Amendment rights by making fun of him and accompanying him through the courthouse. See McManus, 2024 WL 629986, at *3. The district court in McManus declined to extend Bivens to the claims raised in that action because "several remedial structures exist to protect parties like Plaintiff from mistreatment at the hands of U.S. Marshals Service (USMS) officials." Id. The district court in McManus found that, "[t]he Director of the USMS is required by statute and regulations to supervise USMS personnel and to investigate allegations of improper conduct." Id.; see 28 U.S.C. § 561(g); 28 C.F.R. § 0.111(n). "Further, the USMS accepts complaints from aggrieved parties and operates a comprehensive administrative complaint system for members of the public." Id.; see https://www.usmarshals.gov/who-we-are/office-of-professional-responsibility. "These alternative remedies for aggrieved parties in [Plaintiff's] position constitute special factors that foreclose a Bivens action here." Id.; see also Komatsu v. United States, 2023 WL 317326 (S.D.N.Y. Jan. 19, 2023) (rejecting Bivens claim against U.S. Marshal Service officials and Court Security Officers who allegedly mistreated plaintiff on several occasions at courthouse where alternate remedies existed for Plaintiff to file grievances against the officers).

The reasoning of the court in McManus suggests that plaintiff's claims against defendants, who plaintiff identifies as employees of the U.S. Marshal Service, are not cognizable Bivens claims. Accordingly, plaintiff's complaint is dismissed with leave to amend so that plaintiff may address, if he can, whether Bivens should be extended to his harassment claims. In the amended complaint, plaintiff shall also describe in detail the alleged harassment committed by defendants and address how plaintiff knows that defendants committed the alleged harassment.

Finally, plaintiff is informed that even were this Court to find that plaintiff stated a potentially colorable Bivens claim, plaintiff has not sufficiently identified defendants so that they may be served with process. If plaintiff files an amended complaint, plaintiff shall identify the

defendants by name or other identifying information such as badge number.

## IV. CONCLUSION

If plaintiff files an amended complaint, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

1  Dated:  September 17, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

6  Lock2462.14/2

1
2
3
4
5
6
7
8
9
10
11
12         UNITED STATES DISTRICT COURT
13      FOR THE EASTERN DISTRICT OF CALIFORNIA
14
15  JEREMY LOCKHART,              No. 2:25-cv-2462 CSK P
16         Plaintiff,
17     v.                         NOTICE OF AMENDMENT
18  UNKNOWN FEDERAL OFFICERS,
19         Defendants.
20
21     Plaintiff submits the following document in compliance with the court's order
22  filed on _____ (date).
23
24              ☐    Amended Complaint
25              (Check this box if submitting an Amended Complaint)
26  DATED:
27                                     _____
                                        Plaintiff
28