UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY LOCKHART,<br>Plaintiff,<br>v.<br>UNKNOWN FEDERAL OFFICERS,<br>Defendants. | No. 2:25-cv-2462 CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

**I. INTRODUCTION**

Plaintiff is a state prisoner, proceeding without counsel, with this action filed pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). On September 17, 2025, this Court dismissed plaintiff's complaint with leave to amend. (ECF No. 8.) Pending before the Court is plaintiff's amended complaint. (ECF No. 11.) For the following reasons, this Court recommends that this action be dismissed.

**II. SCREENING STANDARDS**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

**III. DISCUSSION**

In the original complaint, plaintiff identified defendants as "unknown federal officers" employed by the U.S. Marshal. (ECF No. 1 at 2.) Plaintiff claimed that he was harassed by defendants. (Id. at 3.) This Court dismissed the original complaint because the law indicates that

claims against U.S. Marshal Service officials are not authorized by Bivens. (ECF No. 8.) In an abundance of caution, this Court dismissed plaintiff's complaint with leave to amend so that plaintiff could address, if possible, whether Bivens should be extended to his claims against the defendants. (Id.) The amended complaint is also brought pursuant to Bivens. (ECF No. 11 at 1.) However, the amended complaint names as defendants unknown officers employed by a law enforcement agency. (Id. at 1, 6.) The factual allegations in the amended complaint are virtually identical to the factual allegations in the original complaint. (Id. at 6.) By failing to identify the law enforcement agency by which the defendants named in the amended complaint are employed, plaintiff may be attempting to avoid the Court's finding in the order screening the original complaint that the law indicates that claims against U.S. Marshal Service officials are not authorized by Bivens. For these reasons, this Court reasonably infers that the defendants in the amended complaint are the federal officers employed the U.S. Marshal Service identified in the original complaint.

In the amended complaint, plaintiff raises an Eighth Amendment claim. (ECF No. 11 at 6.) Plaintiff alleges that he has been under surveillance for about 15 or 20 years. (Id.) Plaintiff alleges that "the law enforcement agency" verbally harasses him "24/7" and can be heard everywhere plaintiff goes. (Id.) Plaintiff alleges that the harassment started around the time his mother's house in Keyes, California was raided by federal agents and local law enforcement. (Id.) Plaintiff alleges that federal agents questioned plaintiff about ATM robberies of which plaintiff was innocent. (Id.) Plaintiff alleges that the harassment is verbally abusive and sexually derogatory. (Id.) Plaintiff alleges that he does not know the names or badge numbers of the officers who harass him, but these officers told plaintiff that plaintiff needs to file a lawsuit and that the harassment concerns the Attorney General's Office. (Id.) Plaintiff alleges that the California Department of Corrections and Rehabilitation ("CDCR") claimed that the voices plaintiff hears are due to plaintiff's mental health condition and are auditory hallucinations. (Id.) Plaintiff alleges that he was diagnosed with schizoaffective disorder. (Id.) As relief, plaintiff seeks money damages and an end to the harassment. (Id. at 3.)

For the following reasons, this Court finds that plaintiff has not demonstrated that Bivens

should be extended to his Eighth Amendment harassment claims against the defendant U.S. Marshal Service officials.[1] On this ground, this Court recommends dismissal of this action. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) ("[T]he plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.").

There is a two-part test to determine whether a Bivens action may proceed. See Ziglar v. Abbasi, 582 U.S. 120, 138-39 (2017). To determine whether a Bivens claim is cognizable, a court first "ask[s] whether the case presents 'a new Bivens context'—i.e., is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action." Egbert v. Boule, 596 U.S. 482, 492 (2022) (quoting Ziglar, 582 U.S. at 139). That is, the court must determine whether the claim presents a new context from the three cases the Supreme Court has allowed to proceed under Bivens: Bivens, 403 U.S. 388 (1971); Davis v. Passman, 442 U.S. 228 (1979); and Carlson v. Green, 446 U.S. 14 (1980). As to the three cases that the Supreme Court has allowed to proceed under Bivens, the Supreme Court has summarized those three cases as follows:

> In Bivens v. Six Unknown Fed. Narcotics Agents, the Court broke new ground by holding that a person claiming to be the victim of an unlawful arrest and search could bring a Fourth Amendment claim for damages against the responsible agents even though no federal statute authorized such a claim. The Court subsequently extended Bivens to cover two additional constitutional claims in Davis v. Passman, a former congressional staffer's Fifth Amendment claim of dismissal based on sex, and in Carlson v. Green, a federal prisoner's Eighth Amendment claim for failure to provide adequate medical treatment.

Hernandez v. Mesa, 589 U.S. 93, 99 (2020).

If a claim does not present a new context from the three cases set forth above, the claim may proceed under Bivens. If the claim presents a context different from the three Supreme Court cases set forth above, the court must apply a "special factors" analysis to determine

[1] In the amended complaint, plaintiff claims that the search of his mother's house was conducted by local law enforcement and federal officials. Because this action is brought pursuant to Bivens, this Court finds that plaintiff does not name the local law enforcement officials as defendants.

whether "special factors counsel hesitation" in expanding Bivens to the new claim. See Abbasi, 582 U.S. at 136. The Ninth Circuit has summarized those special factors as follows:

> the rank of the officer involved; whether Bivens is being used as a vehicle to alter an entity's policy; the burden on the government if such claims are recognized; whether litigation would reveal sensitive information; whether Congress has indicated that it does not wish to provide a remedy; whether there are alternate avenues of relief available; and whether there is adequate deterrence absent a damages remedy, among other factors. But the most important question for us to examine is whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed. If there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy the courts must refrain from creating the remedy in order to respect the role of Congress in determining the nature and extent of federal-court jurisdiction under Article III.

Lanuza v. Love, 899 F.3d 1019, 1028 (9th Cir. 2018) (alterations, citations, and internal quotation marks omitted).

In the amended complaint, plaintiff appears to claim that defendants began harassing plaintiff after plaintiff was found not to have committed the ATM robberies. Plaintiff's harassment claim presents a context different from the three Supreme Court cases where Bivens claims have been recognized. For the following reasons, this Court finds that Bivens should not be extended to plaintiff's Eighth Amendment harassment claim against defendants, U.S. Marshal officials.

This Court first considers whether an alternative remedial structure exists that counsels against extending Bivens liability. "So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a Bivens remedy." Egbert, 596 U.S. at 498.

"The U.S. Marshals Service existing internal grievance procedure provides an available alternative remedial structure." Clutts v. Lester, 676 F. Supp. 3d 698, 709 (N.D. Iowa 2023).

> Under Title 28, United States Code, Section 561(g), the Director of the Marshals Service must "supervise and direct the United States Marshals Service in the performance of its duties." By regulation, the Director "shall direct and supervise all activities of the U.S. Marshals Service including: ... [i]nvestigations of alleged improper conduct on the part of the U.S. Marshals Service personnel." 28 C.F.R. § 0.111(n). An individual aggrieved by a Deputy Marshal may file a grievance alleging improper conduct using a complaint form found

> at: https://www.usmarshals.gov/sites/default/files/media/document/complaint-form.pdf. In addition, the Office of Professional Responsibility within the U.S. Marshals Service also accepts allegations of misconduct by mail. [Footnote 3 omitted.] This is a comparable remedial scheme to that of the Border Patrol in Egbert.

Id.

"Numerous courts have concluded that the presence of that remedial scheme forecloses the extension of a Bivens action to a Deputy U.S. Marshal." Id. (citing Logsdon v. United States Marshal Service, 2023 WL 205053, at *4 (E.D. Okl. Jan. 13, 2023); Lewis v. Westfield, 640 F. Supp. 3d 249, 254-55 (E.D.N.Y. 2022); Cienciva v. Brozowski, 2022 WL 2791752, at *10 (M.D. Penn. July 15, 2022); McIntyre v. United States Marshal Service, 2023 WL 2447427, at *7 (D. N.J. Mar. 10, 2023); Robinson v. Heinze, 655 F. Supp. 3d 1276, 1284 (N.D. Ga. 2023); Komatsu v. United States, 2023 WL 317326, at *6 (S.D.N.Y. Jan. 19, 2023); Senatus v. Lopez, 2022 WL 16964153, at *5 (S.D. Fla. Oct. 12, 2022), findings and recommendations adopted, 2022 WL. 16961323 (S.D. Fla. Nov. 16, 2022); see also McManus v. LNU, 2024 WL 629986, at *3 (E.D. La. Jan. 18, 2024), findings and recommendations adopted, 2024 WL 623928 (E.D. La. Feb. 14, 2024) (court declined to extend Bivens to the claims raised in that action because "several remedial structures exist to protect parties like Plaintiff from mistreatment at the hands of U.S. Marshals Service (USMS) officials."); Challenger v. Bassolino, 2023 WL 4287204, at *9-10 (D. N.J. June 30, 2023) (dismissing Bivens claim because plaintiff could have filed internal grievance complaint with the U.S Marshals Service and Federal Tort Claim Act remedies were available).

Based on the cases set forth above, this Court finds that plaintiff's claims against defendants U.S. Marshal officials arise in a new Bivens context that this Court finds would be an improper extension of the scope of Bivens and cannot be recognized because an alternative remedial structure exists that counsels against that extension. Accordingly, this Court recommends that this action be dismissed because it is clear that no amendment can cure this defect. See Lucas v. Dept. of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (if it is "absolutely clear that no amendment can cure the defect," even pro se pleadings may be dismissed without leave to amend).

/ / /

**IV. CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this action; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 30, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Lock2462.dis/2